UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL L. COMER, et al.,

      Plaintiffs,

v.                                 CASE NO. 8:14-cv-607-T-23AAS

GERDAU AMERISTEEL US, INC., et al.,

      Defendants.

_____/

## **ORDER**

Under Section 301 of the Labor Management Relations Act, the plaintiffs sue (Doc. 73) Gerdau Ameristeel US for violating a collective-bargaining agreement. Gerdau moves (Doc. 79) to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim for relief.  Gerdau argues that the plaintiffs fail to identify a collective-bargaining agreement that prevents Gerdau from modifying retirees' health insurance.  Specifically, Gerdau argues that the 2007 collective-bargaining agreement unambiguously allows Gerdau to raise retirees' health-insurance premiums.  Also, Gerdau argues that the applicable limitation bars the plaintiffs' claim.

## DISCUSSION

### 1. A motion to dismiss typically considers only the face of the complaint.

Gerdau's motion to dismiss relies on documents other than the amended complaint. Specifically, Gerdau cites the 2000, 2001, and 2003 summary plan descriptions. Gerdau also cites the 2002 "bankruptcy agreement" (Doc. 79-19), which allegedly incorporates the 2001 summary plan description.

Because a motion to dismiss, assuming the truth of the allegations of fact, tests only the sufficiency of the complaint, an order resolving a motion to dismiss typically considers only the face of the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). However, if undisputed and central to the plaintiff's claim, a document appended to the Rule 12(b)(6) motion might warrant consideration. *Day*, 400 F.3d at 1276. "Undisputed" means the parties agree on the document's authenticity. *Day*, 400 F.3d at 1276. If a plaintiff's claim could succeed without a document, the document is not central to the claim. *Cf. Botero v. South Florida Pain & Rehabilitation Center Corp., Inc.*, 2012 WL 3614329 at *3 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) (analyzing the centrality exception and concluding that a document is central if the document is at the heart of a plaintiff's claim). A document not central to the plaintiff's complaint, even a document that exculpates the defendant, warrants no consideration in resolving a motion to dismiss.

In a breach-of-contract action, the allegedly breached contract is central to the plaintiff's claim. *SFM Holdings, Ltd. v. Bank of America Securities, LLC*, 600 F.3d 1334,

- 2 -

1337 (11th Cir. 2010) (citing *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337,

1340 n.3 (11th Cir. 2005)).   In this action, the 2007 agreement is central to the

plaintiff's claim.   The plaintiffs claim that the 2007 agreement governs Gerdau's

obligation to provide retirees with health insurance (*See* Doc. 73 ¶¶ 28, 29, 31, 33),

and neither party disputes the authenticity of the 2007 agreement.   This order can

consider the 2007 agreement without converting Gerdau's motion to dismiss into a

motion for summary judgment.

By contrast, the 2000, 2001, and 2003 summary plan descriptions are not

central to the plaintiff's claim because the amended complaint states a claim for

relief that could succeed without the 2000, 2001, or 2003 summary plan descriptions.

The complaint contains no allegation that the "Sheffield Plan" includes the 2000,

2001, or 2003 summary plan descriptions.   Though Gerdau's contention — that

the term "Sheffield Plan" in the 2007 agreement means either the 2003 summary

plan description or another document that permits Gerdau to raise retirees'

health-insurance premiums — might ultimately prove correct, the 2000, 2001, and

2003 summary plan descriptions merit no consideration in resolving Gerdau's

motion to dismiss.

Noting that the complaint "relies" on the 2002 "bankruptcy agreement,"

Gerdau alleges also that the 2002 agreement incorporates the 2001 summary plan

description.   However, the 2002 agreement (Doc. 79-19) includes no mention of the

2001 summary plan description, and the plaintiffs dispute Gerdau's allegation that

- 3 -

the 2002 agreement incorporates the 2001 summary plan description (*See* Doc. 83 at 12).  Gerdau cannot introduce the 2002 agreement by claiming that the agreement incorporates the 2001 summary plan description.

**2. The complaint states a claim for relief.**

The complaint alleges that Gerdau agreed to provide health insurance under the "Sheffield Plan" after the expiration of the 2007 agreement, that the "Sheffield Plan" prevents Gerdau from raising health-insurance premiums above the levels specified in the 2002 agreement, and that Gerdau breached the agreement.  These allegations state a claim for relief.

The plaintiffs allege that the 2007 agreement obligates Gerdau to charge health-insurance premiums in accord with the 2002 agreement.  (Doc. 73 ¶¶ 25, 30) Specifically, the 2007 agreement states that an eligible retiree "shall remain in the Sheffield Plan at the terms and conditions, rates, and premiums provided by that Plan."[1]  (Doc. 73 ¶ 28)  The plaintiffs allege that the term "Sheffield Plan" describes a "Pensioners' and Surviving Spouses' Health Insurance Agreement" that became effective in 1981.  (Doc. 73 ¶ 29)  The plaintiffs allege that the 1981 insurance agreement prevents Gerdau from raising retirees' health-insurance premiums:

> Any pensioner or individual receiving a Surviving Spouse's benefit who shall become covered by the Program established by this Agreement shall not have such coverage terminated or

---

[1] The name "Sheffield" derives from "Sheffield Steel," which owned the Sand Springs, Oklahoma factory before Gerdau bought the factor in 2006. (Doc. 73 ¶ 26)

> reduced (except as provided in the Program) so long as the individual remains retired from the Company or receives a Surviving Spouse's benefit, notwithstanding the expiration of this Agreement, except as the Company and Union may agree otherwise.

(Doc. 73 ¶ 18)  The plaintiffs allege that this "continuation-of-coverage" provision remained in effect at all times.  (Doc. 73 ¶ 24)  In support of that allegation, the plaintiffs allege that a series of collective-bargaining agreements — in 1983 (Doc. 73 ¶ 21), in 1985 (Doc. 73 ¶ 22), in 1988 (Doc. 73 ¶ 23), in 1989 (Doc. 73 ¶ 24), in 1997 (Doc. 73 ¶ 24), in 2000 (Doc. 73 ¶ 24), in 2002 (Doc. 73 ¶ 25), and in 2007 (Doc. 73 ¶ 26) — incorporates the continuation-of-coverage provision.

In 2002 Sheffield and the union agreed that Sheffield would raise retirees' health-insurance premiums. (Doc. 73 ¶ 25)  Under the 2002 agreement, a retiree pays a health-insurance premium that varies depending on the number of people covered by the health insurance.  (Doc. 73 ¶ 25)  A retiree with no dependent pays $50 per month, a retiree with a dependent pays $75 per month, and a retiree with a family pays $100 per month.  (Doc. 73 ¶ 25)  The plaintiffs allege that, except for this 2002 agreement, the union never agreed to an increase in health-insurance premiums. (Doc. 73 ¶ 32)

Gerdau raised retirees' health-insurance premiums in 2013 (Doc. 73 ¶ 34), 2014, and 2015 (Doc. 73 ¶ 35).  The plaintiffs allege that these health-insurance premiums, which exceed the levels specified in the 2002 agreement, breach the 2007 agreement.  (Doc. 73 ¶¶ 36–37)

Citing *M & G Polymers USA, LLC., v. Tackett*, 135 S. Ct. 926 (2015), Gerdau

argues that the court cannot "infer from the 2007-2011 [agreement's] silence about

the duration of [health insurance] . . . that the parties intended [health insurance] to

continue [at a particular cost] for life." (Doc. 79 at 12)  Gerdau's argument assumes

that the 2007 agreement includes no continuation-of-coverage provision.  However, a

Rule 12(b)(6) motion assumes the truth of the plaintiffs' allegations of fact.  As noted

above, the plaintiffs adequately allege that the continuation-of-coverage provision

survived the expiration of the 1981 agreement.  The complaint contains no allegation

that requires an inference from silence.

### 3. No limitation bars the plaintiffs' claim.

A Rule 12(b)6) motion based on a limitation permits dismissal only if

"apparent from the face of the complaint that the claim is time-barred."  *La Grasta v.*

*First Union Sec. Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation omitted).

Because the Labor Management Relations Act contains no limitation,

Florida's five-year limitation for a breach-of-contract claim based on a written

contract applies to this action.  *See Int'l Union, United Auto., Aerospace and Agric.*

*Implement Workers of America (UAW), AFL-CIO, v. Hoosier Cardinal Corp.*, 383 U.S. 696,

704–05 (1966) (holding that the applicable state limitation determines the timeliness

of a claim under Section 301 of the Labor Management Relations Act); Fla. Stat.

§ 95.11(2)(b) (establishing a five-year limitation for an action based upon a written

contract).  On the face of the complaint, the plaintiffs' claim is timely.  The plaintiffs

allege that Gerdau breached the 2007 agreement on January 1, 2014, (Doc. 73 ¶ 35) and the plaintiffs sued on March 11, 2014.  (Doc. 1)

Gerdau argues that the limitation began "as early as 2000," when Gerdau published the 2000 summary plan description.  (Doc. 79 at 20)  Gerdau claims that the publication of the 2000 summary plan description, which allegedly permits Gerdau to unilaterally modify health-insurance premiums, repudiated Gerdau's obligation not to raise health-insurance premiums.  Because an order resolving a Rule 12(b)(6) motion based on a limitation considers only the face of the complaint, the 2000 summary plan description merits no consideration in resolving Gerdau's motion to dismiss.

Even if this order considers the 2000 summary plan description, the plaintiff's claim remains timely.  If Gerdau repudiated the contract, the repudiation occurred in November 2013, when Gerdau announced increases to the retirees' health-insurance premiums.[2]  Also, the plaintiffs could either treat the repudiation as a breach and sue immediately or sue after the breach.  See *Franconia Associates v. United States*, 536 U.S. 129, 142–43 (2002).  Because the plaintiffs chose not to treat Gerdau's November 2013 announcement as a repudiation, the limitation began January 1, 2014, when

---

[2] The mere reservation of a right to unilaterally modify a contract creates no breach of contract. *Cf. Levinson v. Carnival Corp.*, 725 So.2d 1160, 1162 (Fla. Dist. Ct. App. 1998) (Goderich, J.) (stating that a party may not unilaterally modify a contract) (citing *Tropicana Pools, Inc. v. Boysen*, 296 So.2d 104, 108 (Fla. Dist. Ct. App. 1974) (Boyer, J.)).

Gerdau raised health-insurance premiums, allegedly in violation of the 2007 agreement.  Even under a repudiation theory, the plaintiffs' claim is timely.

## CONCLUSION

The complaint sufficiently alleges that Gerdau agreed to provide health-insurance at the premium levels specified in the 2002 agreement and that Gerdau breached the agreement.  Because count one states a claim for relief, Gerdau's motion (Doc. 79) to dismiss under Rule 12(b)(6) is **DENIED**.

ORDERED in Tampa, Florida, on September 8, 2016.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE