**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIEL L. COMER, GLEN HUBANKS,**
**RICHARD D. SCOTT, OLIVER FRANK**
**WRIGHT, JR. and STEPHEN SOLOMON,**
**on behalf of themselves and all other persons**
**similarly situated,**

      **Plaintiffs,**

**v.**                                  **Case No.: 8:14-cv-607-T-23AAS**

**GERDAU AMERISTEEL US INC., and**
**GERDAU AMERISTEEL US RETIREE**
**MEDICAL PLAN,**

      **Defendants.**
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Exclude Opinions and Testimony of Defendants' Expert Harley Riedel, Esq. (hereinafter "Motion to Exclude") (Doc. 95) and Memorandum in support thereof (Doc. 96).[1]  Defendants filed a Response in Opposition to Plaintiffs' Motion (Doc. 103).  Accordingly, this matter is now ripe for judicial review.

## I.      BACKGROUND

Plaintiffs Daniel L. Comer, Glen Hubanks, Richard D. Scott, Oliver Frank Wright, Jr. and Stephen Solomon, filed this action on behalf of themselves and the now certified class, against Defendants Gerdau Ameristeel US Inc. and Gerdau Ameristeel US Retiree Medical Plan, alleging

---

[1] The Court notes that these filings fail to comply with Local Rule 3.01(a), Middle District of Florida, which states: "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in *a single document* not more than twenty-five (25) pages."  (emphasis added).

violations of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).  (Doc. 73, Counts I and II, respectively).  Essentially, this action concerns the rights of retirees and their dependents to healthcare benefits allegedly created pursuant to certain collective bargaining agreements between Plaintiffs and Defendants (or their predecessors).  (*Id.*).

According to the Fourth Amended Complaint, one of Defendants' predecessors, Sheffield Steel Corporation ("Sheffield Steel"), negotiated amendments to the collective bargaining agreements at issue during the pendency of its bankruptcy litigation.[2]  (Doc. 73).  Defendants have enlisted the services of Harley Riedel, Esq., in this action to provide an expert report consisting of an overview of the bankruptcy process and statutory provisions, discussing the facts of the bankruptcy litigation, and providing opinions based on those facts.  (Doc. 96-2).

In response to Mr. Riedel's expert report, Plaintiffs filed the instant Motion to Exclude, which seeks the exclusion of Mr. Riedel as an expert on three grounds.  (Doc. 96).  First, Plaintiffs argue that Mr. Riedel's legal arguments should be excluded.  (Doc. 98, pp. 8-13).  Second, Plaintiffs claim that Mr. Riedel is not qualified to provide opinions on ERISA and non-bankruptcy law.  (*Id.* at pp. 13-15).  Finally, Plaintiffs argue that Mr. Riedel's bankruptcy law conclusions are erroneous.  (*Id.* at pp. 15-18).

Defendants respond that the Sheffield Steel bankruptcy injects significant issues into this case and that corporate bankruptcy is a specialized and complicated process.  (Doc. 103, pp. 1-3).  Defendants argue that it is premature to make a determination whether any or all of the bankruptcy

---

[2] Sheffield Steel filed for bankruptcy in 2001 and emerged in 2002.  (Doc. 73).

issues will remain after dispositive motions,[3] and, thus, the Court cannot conclude at this time if Mr. Riedel's testimony would be helpful to a jury. (Doc. 103, pp. 7-11). In addition, Defendants submit that any issues relating to the qualifications and substance of Mr. Riedel's opinions and testimony should be addressed at trial. (*Id.* at pp. 11-14).

For the reasons stated below, the undersigned concludes that Plaintiffs' Motion to Exclude is premature at this stage in the litigation and should be denied without prejudice.[4]

## II.   ANALYSIS

In determining the admissibility of expert testimony under Rule 702, Federal Rules of Evidence, the Court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe County,* Fla., 402 F.3d 1092, 1107 (11th Cir. 2005) (quoting *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*)).

Although testifying experts generally may not offer legal conclusions, Federal Rule of Evidence 704(a) provides, in relevant part, that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "An expert may testify as to his opinion on an

---

[3] Currently, the following case management deadlines are in effect: Discovery due by 3/31/2017, Dispositive motions due by 4/28/2017, Pretrial statement due by 7/19/2017, All other motions due by 7/28/2017, Final Pretrial Conference set for 8/14/2017, Jury Trial set for September 2017 trial calendar. (Doc. 105).

[4] The Court notes that Defendants requested oral argument "given the significance of excluding Defendants' expert at this stage in the litigation …" (Doc. 103, p. 15). As the Court agrees that this request is premature, oral argument is not necessary at this time.

ultimate issue of fact," but the "expert may not . . . merely tell the jury what result to reach." *Montgomery v. Aetna Casualty & Surety Co.,* 898 F.2d 1537, 1541 (11th Cir. 1990). Based on the record before the Court, it appears that Mr. Riedel's proffered opinions could later be determined by the Court as necessary for assisting the jury to understand the customs and practices associated with a Chapter 11 bankruptcy so that the jury can decide an ultimate issue of fact rather than as inappropriately instructing the jury on the law of the case or otherwise telling the jury what result to reach. *See S.E.C. v. Sky Way Global,* LLC, No. 8:09-cv-455-T-23TBM, 2010 WL 5058509, at *4 (M.D. Fla. Dec. 6, 2010) (permitting expert opinion of securities lawyer that defendant was not required to register as a broker under the securities laws because admissible to the extent it "derives from a reliable basis, offers an insight into the custom and practice of broker registration in the securities industry, and assists the trier of fact").

Stated succinctly, expert testimony must not invade the province of the Court or the province of the jury. While the Court has concerns that certain of Mr. Riedel's opinions previewed in his report could potentially invade the province of the Court or the jury, the Court is even more concerned that it is premature to rule that Mr. Riedel's opinions should be excluded at this stage in the litigation. Given the remaining case deadlines, including anticipated briefing of dispositive motions, it is unclear what issues can be decided by the Court pretrial versus decided by the jury at trial. Thus, it is unknown at this time the extent to which the proposed expert testimony of Mr. Riedel would ultimately assist the jury to understand the evidence or to determine a fact in issue. Thus, the wholesale exclusion of Riedel's testimony is inappropriate. *See Robinson v. Linde Lift Truck,* No. 8:01-cv-281-T-23MAP, 2003 WL 25686836, at *1 (M.D. Fla. June 12, 2003) ("The exclusion of evidence under the Federal Rules of Evidence typically occurs at trial, so that pertinent determinations occur in the context of the actual (rather than anticipated) proceedings.") (citation

4

omitted).

With respect to Plaintiffs' arguments that Mr. Riedel does not have ERISA and other non-bankruptcy expertise, as well as the contention that his bankruptcy law conclusions are erroneous (Doc. 98, pp. 13-18); these arguments are also premature.  As pointed out by Defendants, Mr. Riedel is not obligated to prove the full scope of his expertise in his report, and the subject of his expertise is more appropriate for cross-examination at trial.  *See e.g. Feliciano v. City of Miami Beach,* 844 F. Supp. 2d 1258, 1263 (S.D. Fla. 2012) ("This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility.") (citation omitted).  Similarly, with regard to Plaintiffs' arguments that Mr. Riedel's conclusions are erroneous, Plaintiffs have not challenged the reliability of Riedel's methodology.  Rather, they challenge his ultimate conclusions.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 596 (1993).

In light of the foregoing, the Court finds it is premature to exclude the opinions and testimony of Mr. Riedel at this time.

## III.   CONCLUSION

Accordingly, after due consideration, it is **ORDERED** that Plaintiffs' Motion to Exclude Opinions and Testimony of Defendants' Expert Harley Riedel, Esq. (Doc. 95) is **DENIED without prejudice.**

**DONE AND ORDERED** in Tampa, Florida on this 18th day of January, 2017.


AMANDA ARNOLD SANSONE
United States Magistrate Judge