# EXHIBIT A



429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA  15219
**www.fdpklaw.com**
T:  412.281.8400
F:  412.281.1007

# FEINSTEIN DOYLE PAYNE & KRAVEC, LLC
## Class Action Practice

### SUMMARY

Feinstein Doyle Payne & Kravec, LLC ("FDPK") is a dynamic plaintiff-side law firm focusing in ERISA, LMRA, consumer, and insurance class actions.  The firm is based in Pittsburgh, Pennsylvania.

### HISTORY OF FIRM

Experienced ERISA and LMRA class action litigators Edward Feinstein, Ellen Doyle and William Payne founded the firm in 2007.  Partner Joseph N. Kravec, Jr. joined the firm in 2010, bringing with him a wealth of experience litigating consumer and insurance class actions.

We are well-known throughout the country for bringing class actions challenging the termination or reduction of retiree health benefits to former union members, including representing UAW retirees in the litigation that established the health care trust funds for retired GM, Ford and Chrysler workers. Our attorneys also have been at the forefront of litigation to recover losses to participants in 401(k) plans and Employee Stock Ownership Plans ("ESOPs") from imprudent investments in employer stock. The firm also has been involved in representing public sector workers in cases to preserve pension and retiree health care benefits.

In addition to its class action practice, the firm represents individuals in employment litigation, unions in collective bargaining and litigation, and parents and students in educational law matters.

### RETIREE HEALTH CLASS ACTIONS

Our attorneys have vast experience representing retired union workers whose health benefits have been cut or eliminated by their former employers.  In his career, William Payne has litigated more than sixty such actions brought under ERISA and/or the Labor Management Relations Act ("LMRA").

*The following is a sample of the retiree health class actions which our attorneys have handled over the last ten years:*

<u>Neenah Paper</u> (2016-2017) – FDPK attorneys William Payne, Joel Hurt, Pamina Ewing and McKean Evans recently obtained a favorable settlement for a class of retired mill workers from the company's specialty paper operations in Fitchburg, Massachusetts.

<u>Freightcar America</u> (2013-2016) – William Payne and FDPK attorneys were appointed as class counsel to represent retired workers from a railway freight car manufacturing facility in Johnstown, Pennsylvania in challenging the unilateral elimination of their health and life insurance benefits. Just days prior to trial, the case settled when the defendant company agreed to contribute over $30 million to a Voluntary Employees' Beneficiary Association (VEBA) to provide benefits to class members.

<u>Briggs & Stratton</u> (2010 – 2016) – FDPK attorneys William Payne, Ellen Doyle, and Joel Hurt were appointed as class counsel to represent some 800 retired workers from the defendant company's Milwaukee, Wisconsin area manufacturing plants. After defeating the defendant's motion for summary judgment, 2015 WL 5172943 (E.D. Wisc. September 2, 2015), the case settled.

<u>General Motors and Ford</u> (2006–2007) – William Payne and the firm were appointed class counsel to represent retired GM and Ford workers who were members of the United Auto Workers ("UAW") after their collectively-bargained retiree health benefits were threatened. The lawsuit resulted in a court-approved settlement that guaranteed an excellent health benefit program for about 600,000 retirees and dependents that was to remain in place through 2011. On appeal, the Sixth Circuit commented on the work of lead counsel William Payne: "In view of Payne's background, both classes would have been hard pressed to find someone with greater 'experience in handling class actions ... and claims of the type asserted in the action' or an attorney with more 'knowledge of the applicable law.'" <u>UAW v. GM</u>, 497 F.3d 615, 626 (6th Cir. 2007), earlier proceedings, <u>UAW v. GM</u>, 2006 WL 334283 (E.D. Mich. Feb. 13, 2006), 2006 WL 891151 (E.D. Mich. March 31, 2006) and 235 F.R.D. 383 (E.D. Mich. 2006); <u>UAW v. Ford Motor Co.</u>, 2006 U.S. Dist. LEXIS 70471 (E.D. Mich. July 13, 2006). The attorneys also represented former GM workers who were members of the IUE-CWA in another retiree health benefit class action. <u>IUE-CWA v. GM</u>, 238 F.R.D. 583 (E.D. Mich. 2006).

<u>General Motors II , Ford II and Chrysler</u> (2007–2008) – FDPK was appointed class counsel to represent over 800,000 retired UAW members (and their dependents) whose retiree health benefits were threatened by U.S. automakers. The case settled by establishing a Voluntary Employees' Beneficiary Association (VEBA) to provide lifetime benefits, to be funded by the companies with $60 billion in assets (estimated present value in 2010). <u>UAW v. GM</u>, 2008 WL 2968408 (E.D. Mich. July 31, 2008); <u>UAW v. Chrysler</u>, 2008 WL 2980046 (E.D. Mich. July 31, 2008); <u>UAW v. Ford</u>, 2008 WL 4104329 (E.D. Mich. Aug. 29, 2008).

<u>Crown Cork & Seal</u> (2003–2008) – FDPK represented retired beverage can workers whose health benefits were unilaterally cut. The parties agreed that the case would be heard by a retired

federal judge acting as an arbitrator.  Ultimately, the arbitrator found that the 5000 retirees who retired prior to 1993 had a vested right to retiree health benefits (worth an estimated $170 million) and reinstated coverage to the levels agreed to in collective bargaining.  Crown Cork & Seal v. United Steelworkers of America, 32 E.B.C. 1950, 2004 U.S. Dist. LEXIS 760 (W.D. Pa. 2004); United Steelworkers of America and Lawhorn v. Crown Cork & Seal, No. 1:03cv461 (S.D. Ohio).

Continental Tire (2006–2008) – FDPK represented approximately 2200 retired tire manufacturing workers whose health benefits were unilaterally cut.  The firm obtained a preliminary injunction against the company, which ultimately led to a negotiated settlement of the matter which restored benefits to the retirees, provided restitution for lost benefits, and established a fund having a value of $155 million to provide future benefits.  Pringle v. Continental Tire North America, 541 F. Supp. 2d 924 U.S. Dist. LEXIS 55337, 2007 WL 2236880 (N.D. Ohio, July 31, 2007).

Rexam and Pechiney (2002 – 2008) – FDPK represented retirees of American Can Company whose benefits had been cut by successor companies. In Pechiney, we obtained an excellent settlement in which the company recognized that the retirees' benefits were vested and agreed to provide lifetime benefits with no payment of premiums.  In Rexam, for one group of retirees, after the retirees defeated the company's motion for summary judgment, the parties entered into a settlement in which the company agreed to continue to provide health care benefits to pre-Medicare retirees and spouses and provide a lifetime monthly cash payment to Medicare-eligible retirees to purchase retiree health insurance.  Santos v. Pechiney Plastics Packaging Inc., Case No. C 05-00149 (N.D. Calif.); Rexam, Inc. v. United Steelworkers of America, 2003 WL 22477858 (D. Minn. Oct. 30, 2003), later proceedings, 2005 WL 1260914 (D. Minn. May 25, 2005), 2005 WL 2318957 (D. Minn. Sept. 22, 2005), 2006 WL 435985 (Feb. 21, 2006), and 2006 WL 2530384 (D. Minn. Aug. 31, 2006).

ASARCO (2002–2005) – FDPK attorneys represented retired miners whose health benefits were unilaterally eliminated.  After the retirees defeated the company's motion for summary judgment, the company filed for bankruptcy on the eve of trial.  In the bankruptcy action, the retirees negotiated a very favorable settlement which reinstated their benefits.  See Asarco v. United Steelworkers of America, 2005 U.S. Dist. Lexis 20873 (D. Ariz. 2005).

Rohm & Haas (2003–2009) – FDPK represented retired salt miners whose health benefits were unilaterally eliminated.  Initially, the court dismissed the retirees' complaint but on appeal, the Sixth Circuit Court of Appeals reversed the ruling.  Upon remand, we successfully opposed the company's motion to transfer and obtained class certification, despite the fact that there were different collective bargaining agreements governing at each of the seven plants where class members had worked.  In October 2008, the court granted the retirees' motion for summary judgment finding that the retirees had a right to lifetime vested benefits. The parties later settled the damages portion of the action.  Moore v. Rohm & Haas, 446 F.3d 643 (6th Cir. 2006), later proceedings, 497 F.Supp.2d 855 (N.D. Ohio 2007), 2008 WL 4449407 (N.D. Ohio Sept. 30, 2008) (granting plaintiffs' motion for summary judgment.

*Some of the firm's current retiree health cases:*

Reynolds v. Resolute Forest Products, 1:16-cv-48-TAV-CHS (E.D. Tenn.).

Newman v. Centrus Energy Corp., 1:15-cv-449-SSB-KLL (S.D. Oh.).

Cup v. Ampco-Pittsburgh Corporation, 2:17-cv-189-AJS (W.D. Pa.).

Belczyk v. Babcock & Wilcox Enterprises, Inc., 2:17-cv-241-NBF (W.D. Pa.).

Amos v. PPG, 2014 WL 556676 (S.D. Ohio, 2014) (remand from 699 F.3d 448).

Comer v. Gerdau Ameristeel US Inc., 2016 WL 4702425 (M.D. Fla. Sept. 8, 2016).

Zino v. Whirlpool Corporation, 2013 WL 4544518 (N.D.Ohio August 27, 2013), later proceedings, 2014 WL 4699672, 2014 U.S. Dist. LEXIS 132323 (N.D. Ohio, September 19, 2014).

*Other retiree health actions in which courts have issued opinions published through the various reporting services and in which William Payne – prior to joining FDPK – served as counsel for parties include the following:[1]*

> ACF Industries v. Chapman, 2004 U.S. Dist. LEXIS 27245 (E.D. Mo. 2004) and Chapman v. ACF Indus., 430 F. Supp. 2d 570 (D. W.Va. 2006); Bower v. Bunker Hill Co., 725 F.2d 1221 (9th Cir. 1984), on remand, 114 F.R.D. 587, 675 F. Supp. 1254 (E.D. Wash. 1986); Keffer v. H. K. Porter Co., 872 F.2d 60 (4th Cir. 1989), affirming, 110 CCH Lab. Cases ¶10,878 (S.D.W.Va., April 19, 1988); Magliulo v. Metropolitan Life Ins. Co., 208 F.R.D. 55, 27 E.B.C. 1804 (S.D.N.Y. 2002); Mamula v. Satralloy, 578 F. Supp. 563 (S.D. Ohio 1983); Mioni v. Bessemer Cement Co., 4 E.B.C. 2390 (W.D. Pa. 1983), later decision, 120 LRRM 2818 (W.D. Pa. 1984), and 6 E.B.C. 2677, 123 LRRM 2492 (W.D. Pa. 1985); Policy v. Powell Pressed Steel Co., 770 F.2d 609 (6th Cir. 1985), cert. denied, 475 U.S. 1017 (1986); Senn v. United Dominion, 951 F.2d 806 (7th Cir. 1992), petition for rehearing denied, 962 F.2d 655 (1992), cert. denied, 509 U.S. 903 (1993); Shultz v. Teledyne, 657 F. Supp. 289 (W.D. Pa. 1987) (retiree health class action); Smith v. ABS Industries, 890 F.2d 841 (6th Cir. 1989); Steelworkers v. Connors Steel Co., 855 F.2d 1499 (11th Cir. 1988); Steelworkers v. Textron, Inc., 836 F.2d 6 (1st Cir. 1987).

## PENSION CASES

---

[1] Mr. Payne has served as counsel for parties in many other retiree health cases (not listed here) that were settled or otherwise resolved without reported opinions. Examples of settlements include Alford v. Strichman, No. 84-20 (W.D. Pa.) (retiree health class settlement for Crucible Steel retirees worth approximately $60 million); Bench v. Disney, No. CV-97-8203 TJH (AIJx) (C.D. Calif.) (retiree health class settlement in two stages, with the first stage worth approximately $68 million, and the second stage worth approximately $33 million); Ruiz v. BP, No. 91-1453-PHX-RGS (retiree health class settlement involving thousands of retirees).

Our attorneys have decades of experience representing pension plan participants to recover other types of pension benefits wrongly denied them.

*The following is a list of our recent cases:*

Harkness v. Boeing Company, No. 07-CV-01043-WEB-KMH (D. Kan.), reported at Soc'y of Prof'l Eng'g Employees in Aero. v. Boeing Co., 2012 U.S. Dist. LEXIS 175093 (D. Kan. Dec. 11, 2012) (suit for pensions on plant sale).

Clemons v. Norton Healthcare, 271 F.R.D. 562 (W.D. Ky. 2011), and 981 F.Supp.2d 646 (W.D. Ky. 2013) (suit alleging pensions miscalculated).

Gelesky v. AK Steel, 828 F. Supp. 2d 935, 2011 U.S. Dist. LEXIS 137616 (S.D. Ohio 2011), related to Schmidt v. AK Steel, Case No. 1:09-cv-464 (S.D. Ohio) (ERISA action challenging calculation of lump sum pension payouts).

Freightcar America (2007–2009) – We represented a group of employees at the company's Johnstown, Pennsylvania plant who allege that the company terminated their employment in order to deny them the opportunity to vest for pensions. The District Court granted the employees' motion for preliminary injunction and ordered the company to reinstate the workers immediately. A settlement was subsequently reached and approved by the court. Hayden v. Freightcar America, 2008 WL 375762 (W.D. Pa. Jan. 11, 2008), later decision, 2008 WL 4949039 (W.D. Pa. Nov. 19, 2008).

*The following are representative pension actions (other than the 401k/ESOP cases listed below) brought by our attorneys prior to the formation of FDPK*:

- Adams v. Bowater Inc., 313 F.3d 611 (1st Cir. 2002), on remand, 292 F. Supp. 2d 191 (D. Maine 2003) (action under ERISA § 204(g), alleging improper elimination of accrued benefits) (Payne).

- Bellas v. CBS, 73 F.Supp.2d 500 (W.D.Pa. 1999), related decision, 73 F.Supp.2d 493 (W.D.Pa. 1999), aff'd, 221 F.3d 517 (3d Cir. 2000), cert. denied, 531 U.S. 1104, 121 S.Ct. 843 (2001), on remand, 201 F.R.D. 411 (W.D. Pa. 2000) (class action under ERISA § 204(g), alleging improper elimination of accrued benefits) (Payne).

- Brytus v. Spang & Co., 79 F.3d 1137 (not for publication) (3d Cir. 1996), cert. denied, 519 U.S. 818 (1996), later proceedings, 151 F.3d 112 (3d Cir. 1998), later proceedings, 203 F.3d 238 (3d Cir. 2000) (recovery of $12.5 million in surplus pension assets for pensioners) (Payne).

- Delgrosso v. Spang & Co., 769 F.2d 928 (3d Cir. 1985), cert. denied, 476 U.S. 1140 (1986), later proceedings, 903 F.2d 234 (3d Cir.), cert. denied, 498 U.S. 967 (1990), and 776 F. Supp. 1065 (W.D. Pa. 1991) (recovery of surplus pension assets for pensioners) (Payne).

- Dennis v. Sawbrook Steel Castings Co., 792 F. Supp. 552 (S.D. Ohio 1991) (suit for surplus pension assets) (Payne).

- Gavalik v. Continental Can Co., 812 F.2d 834 (3d Cir.), cert. denied, 484 U.S. 979 (1987) (ERISA § 510 class action, ultimately resolved as part of $415 million settlement).

- Gillott v. Westinghouse Elec. Corp., 23 E.B.C. 1500, 1999 U.S. Dist. LEXIS 14111 (W.D. Pa. 1999), aff'd without op., 229 F.3d 1138, 2000 U.S. App. LEXIS 20601, 25 E.B.C. 1572 (3d Cir. Pa. 2000) (suit for special pension triggered by layoff) (Payne).

- Gritzer v. CBS, Inc., 275 F.3d 291 (3d Cir. 2002) (suit for special pension triggered by layoff) (Payne).

- Haytcher v. ABS Industries, Inc., 889 F.2d 64 (6th Cir. 1989) (recovery of shutdown pensions) (Payne).

- In re Gulf Pension Litigation, No. H-86-4365 (S.D. Tex.) (suit challenging merger of plans, and for surplus assets) (Doyle).

- Libby, McNeil & Libby, California Canners & Growers v. United Steelworkers of America, AFL-CIO, 809 F.2d 1432 (9th Cir. 1987) (recovery of shutdown pensions) (Payne).

- Orlowski v. St. Francis Health System, No. GD 02-17811 (Pa. Common Pleas, Allegheny County) ($13 million pension settlement to compensate for employer underfunding).

- Rinard v. Eastern Co., 978 F.2d 265 (6th Cir. 1992), cert. denied, 507 U.S. 1029 (1993) (lawsuit for surplus pension assets) (Payne).

- Shawley v. Bethlehem Steel Corp., 989 F.2d 652 (3d Cir. 1993) (ERISA § 510 class action) (Payne).

- Walther v. Pension Plan for Salaried Employees of the Dayton-Walther Corp., 880 F. Supp. 1170 (S.D. Ohio 1994) (suit alleging improper merger of pension plans) (Payne).

### 401(K) AND ESOP LITIGATION

Our attorneys have extensive experience representing participants of 401(k) Plans and Employee Stock Ownership Plans (ESOPs). Ellen Doyle is one of the pioneers in this field, having brought her first case several years before the Enron and Worldcom litigation.

*The following is a sample of the firm's recent cases:*

First Horizon National Corporation (settled for $6 million) – FDPK was the sole counsel that represented the participants in this action. The suit alleged that fiduciaries of the Plan violated ERISA by imprudently investing in First Horizon stock while the company was concealing its large exposure to highly risky Collateralized Debt Obligations, subprime mortgages, and other low-quality securities. The suit also alleged that the Plan did not properly consider mutual investment options besides mutual funds owned by First Horizon. Sims, et al. v. First Horizon National Corp., et al, 2:08-cv-2293 (W.D. Tenn).

Regions Financial Corporation (settled for $22.5 million) – FDPK served as co-lead counsel in this case. The suit alleges that fiduciaries of the Regions Financial 401(k) Plan and AmSouth Bancorporation 401(k) Plan violated ERISA by imprudently investing in Regions stock while the company was concealing Regions Financial's large exposure to highly risky Collateralized Debt Obligations, subprime mortgages, and other poor-quality securities. The suit also alleged that the Regions 401(k) Plan did not properly consider mutual investment options besides mutual funds owned by Regions. In re Regions Morgan Keegan ERISA Litigation, 2:08cv02192 (W.D.Tenn.).

PFF Bancorp (settled for more than $3 million) – FDPK was appointed interim co-lead counsel in this case. The suit alleged that fiduciaries of the PFF Bancorp 401(k) Plan and ESOP violated ERISA by imprudently investing in PFF stock while the company was concealing its loan losses. Perez et al., v. PFF Bancorp et al., 5:08-cv-01093 (C.D. Cal).

KV Pharmaceutical (settled for $3 million) – FDPK was counsel to the class in this case. The suit alleged that fiduciaries of the company's 401(k) plan violated ERISA by imprudently investing in company stock while the company was concealing its manufacturing problems. Crocker v. KV Pharmaceutical Co., 4:09cv00198 (E.D. Mo.).

*The cases listed below are representative of those in which Ellen Doyle served as lead counsel for plaintiffs prior to the formation of FDPK:*

CMS Energy Corp. (2002–2006) – This class action was brought in the United States District Court for the Eastern District of Michigan on behalf of the 13,000 participants and beneficiaries of an ESOP and 401(k) plan sponsored by Consumers Energy Company, a subsidiary of CMS Energy Corporation. In May of 2002, it was revealed that CMS had inflated sales and revenue by engaging in sham energy trades where the company "sold" electricity but bought back the same amount from the same party at the same price. Plaintiffs asserted that plan fiduciaries violated federal pension law (ERISA) because they knew that CMS stock was inflated in value prior to May 2002 as a result of these trades, and therefore they also knew that the plan and its participants had paid too much for the stock. A $28 million settlement was reached in 2006. In re CMS Energy ERISA Litig., 02-72834 (E.D. Mich.)

Federal Mogul (2004–2007) – This class action was brought in the United States District Court for the Eastern District of Michigan on behalf of plan participants alleging fiduciary breach as a result of Federal Mogul's failure to disclose the increased riskiness of company stock due to the acquisition of asbestos-related businesses and the company's failure to discontinue offering company stock to plan participants in the absence of appropriate disclosures. The case settled for $15.45 million. Sherrill v. Federal Mogul Corp. Retirement Programs Committee, 04-72949 (E.D. Mich.)

Solutia, Inc. – FDPK represented participants and beneficiaries in the Solutia, Inc. Savings and Investment Plan between September 1, 1997 and August 31, 2005, for whose benefit the Plan invested or maintained investments in Solutia stock. In September 2008, the United States District Court for the Southern District of New York granted final approval of a settlement which provides relief to the class in the form of a cash payment of $4.75 million and the agreed

allowance of a $6.65 million unsecured claim against Solutia's bankruptcy estate. Dickerson v. Feldman, et al., 04-CV-07935 (S.D.N.Y.).

Carter Hawley Hale Profit Sharing Plan – This class action was brought on behalf of the Carter Hawley Hale Stores employees who sustained losses as a result of their 401(k) accounts being invested in CHH's stock which became worthless as the company's financial condition deteriorated into bankruptcy. More than half of the plans assets were invested in CHH stock at the time. A $36 million settlement was reached on behalf of the employees.

Duquesne Light Co. – This case in the Western District of Pennsylvania challenged the conduct of Duquesne Light, a large energy company. Duquesne Light offered employees stock options and stock appreciation rights through a long-term incentive plan. When employees exercised these options, the amounts they received were treated as W-2 compensation for tax purposes, but Duquesne Light did not include these amounts in the compensation used to calculate employees' pension benefits. The court ruled in favor of the employees and ordered Duquesne Light to recalculate the employees' pension benefits with interest.

*Other 401(k)/ESOP cases in which Ms. Doyle has been appointed class counsel include:*

> Koch v. Dwyer, No. 98-Civ.-5519 (S.D.N.Y.); Blyler v. Agee, No. CV97-0332 (D. Idaho); In re Computer Associates ERISA Litigation, No. CV-02-6281 (S.D.N.Y.); Kling v. Fidelity Management Trust Co., No. 01-11939 (D. Mass.); In re McKesson HBOC, Inc. ERISA Litig., No. C00-20030 (N.D. Cal.).

### PUBLIC SECTOR EMPLOYEE CLASS ACTIONS

**Colorado** – The firm represented public sector retirees who are members of the Public Employees' Retirement Associate of Colorado in a class action case challenging the replacement of a 3.5% annual increase with a 2% capped COLA. Justus v. State of Colorado, 2014 Colo. 75, 336 P.3d 202 (Colo. 2014)

**New Hampshire** – The firm represented retired state workers whose retirement benefits were reduced. State Employees Association of New Hampshire, SERJ Local 1984, et al. v. The State of New Hampshire, 20 A.3d 961, 2011 WL 1457097 (N.H. 2011)

**South Dakota** – The firm represented members of the South Dakota Retirement System in a class action challenging the reduction of their cost of living adjustment. Tice v. State of South Dakota, Civ. No. 10-225 (N.D. Cir. Ct. April 11, 2012)

**Minnesota** – The firm represented members of the Minnesota Retirement System in a class action challenging the reduction of their cost of living adjustment. Swanson v. State of Minnesota, No. 62-CV-10-25-085 (Minn. Dist. Ct. June 29, 2011)

## INSURANCE AND CONSUMER CLASS ACTIONS

Our attorneys have been leaders in protecting the rights of consumers and insureds. For example, the firm is currently litigating a number of consumer protection class actions against food manufacturers that have mislabeled their products with false "all natural," health or other claims. In 2014, the firm settled a class action for homeowners whose mortgage lender secretly overvalued their homes with inflated appraisals, striking at the heart of one of the sub-prime mortgage schemes that prompted the recent recession. Similarly, the firm litigated a class action for student loan borrowers who were charged exorbitant late fees in violation of applicable law. In 2011, the firm settled a force-placed insurance class action on behalf of 550,000 California homeowners providing relief valued at approximately $86 million.

Our attorneys have also repeatedly and successfully litigated insurance class actions. Ellen Doyle and Joseph N. Kravec, Jr. are past chairs of the Insurance Law Section of the Association of Trial Lawyers of America. Insurance and consumer class actions our attorneys have brought include:

American Security Insurance Company – Attorney Joseph N. Kravec, Jr. was co-lead counsel representing approximately 550,000 California homeowners against American Security Insurance Company for placing duplicative hazard insurance coverage and charging homeowners for this unnecessary coverage. In 2011, the case settled for relief valued at $86 million, including prospective relief in the form of reduced premiums. Wahl v. American Security Insurance Company, 2010 WL 1881126 (N.D. Cal.).

Kashi – In 2011, the firm brought a case on behalf of a nationwide class of consumers against Kashi, a division of Kellogg's, whose products that bore statements made on the products' labels alleged to be in violation of FDA regulations and unlawful under California law. Several other law firms brought similar cases, which were consolidated in the U.S. District Court for the Southern District of California. On January 18, 2012, District Court Judge Marilyn L. Huff appointed FDPK, along with one other firm, as interim co-lead counsel. Bates v. Kashi, 3:11-cv-1967 (S.D.Cal.).

Ken's Foods, Inc. – The firm brought a case on behalf of a nationwide class of consumers who purchased Ken's dressings that bore statements made on the products' labels alleged to be in violation of FDA regulations and unlawful under California law. A 2011 settlement permitted class members to receive relief approximating a full refund of their entire purchase price, recouped over one hundred percent of the profits Ken's made on the sale of the products in question, enjoined Ken's from similar mislabeling in the future and both lead counsel and the settlement were found to be more than adequate for the class. Eisenstat v. Ken's Foods, 2:10-cv-2510 (N.D.Cal.).

Diamond Foods, Inc. – The firm represents a class of consumers who purchased walnuts mislabeled with health claims in violation of FDA regulations and California law, at the time one of only a few nationwide class certification orders presented and granted in this context. A 2011 settlement provided all class members full relief (*i.e.*, a refund approximating their average

purchase price for the dressing for every class member who claimed-in), plus additional relief. Zeisel v. Diamond Foods, Inc., 2011 WL 2221113 (N.D. Cal.).

Kenty v. Bank One Corporation – Automobile purchasers who financed their purchase through Bank One were required by their contracts to provide proof that they maintained insurance on their vehicles. When a borrower failed to provide proof of insurance, Bank One would obtain "force-placed" insurance for the borrower and charge the borrower's account for the premiums as well as an additional interest charge. Our attorneys brought this case in Ohio (Franklin County) and alleged that Bank One obtained more and different types of insurance (and charged greater premiums) than its contracts authorized. We settled the case for $2.4 million and an agreement from Bank One to stop or change many of its practices.

Bates v. National City Bank – We brought this case in Ohio (Cuyahoga County) on behalf of borrowers who financed their motor vehicle purchases through National City Bank. Our suit alleged that National City imposed concealed insurance charges on the borrowers that were not authorized by their loan agreements. We obtained a settlement of $1.5 million.

Schultz v. University of Pittsburgh – The firm brought this suit against the University of Pittsburgh in Pennsylvania (Allegheny County) on behalf of season-ticket holders for men's basketball games. In 2005, the University instituted a new system for season-tickets that reassigned seats based on the amount that season-ticket holders donate to the school. The suit alleged that in instituting the new system, Pitt had reneged on a prior guarantee made to season-ticket holders that they could continue to purchase season tickets for the same seats each year provided that they maintained their current annual level of donation.  Under the settlement we achieved, affected season-ticket holders are to retain their seats for the next five years by maintaining a specified minimum donation level.

Spears, et al. v. E-appraiseIT – Settled in 2014, this was a consumer class action for false appraisals on home loans brought by the firm against appraisers.  The false appraisals were part of a scheme between the lender and appraisal service company to provide inflated appraisals, as needed, so the lender could make the mortgage.  Homeowners were required to pay for these secretly inflated appraisals, causing them to believe their homes were worth more than they actually were in deciding to enter these high-valued mortgages.  This was one of the schemes underlying the sub-prime mortgage crisis.

*Besides many of the foregoing class actions, the class actions listed below are representative of those in which Joseph N. Kravec, Jr. had a leadership role prior to joining FDPK:*

> Varacallo v. Massachusetts Mutual Life Insurance Company, 226 F.R.D. 207 (D. N.J. 2005) (various life insurance deceptive sales practices settled for relief valued at $700 million for about 3 million class members); In Re Metropolitan Life Insurance Company Sales Practices Litigation, 1999 WL 33957897 (W.D.Pa.) (various life and annuity deceptive sales practices settled for relief valued at $1.7 billion for about 3 million class members); In re Flat Glass Antitrust Litigation (II), 2009 WL 331361 (W.D. Pa., Feb. 11, 2009) (antitrust price fixing claims against manufacturers of flat glass used in windows and other products); In re: WellPoint, Inc. Out-Of-Network "UCR" Rates Litigation,

2009 WL 2902564 (JPML, Aug. 19, 2009) (insurer's under-reimbursement of out-of-network health care provider charges by using artificially low UCR rates); Bethea v. Metropolitan Life Insurance Company, 2009 WL 690852 (N.J., App. Div.) (charging non-smoking juveniles smoker-based life insurance rates) (reinstated by Appellate Division); Zeno v. Ford Motor Company, 238 F.R.D. 173 (W.D. Pa. 2006) and 480 F.Supp.2d 825 (W.D. Pa. 2007) (charging for upgraded radiators and not providing them).

# BIOGRAPHIES

## WILLIAM T. PAYNE

William T. Payne is a partner in Feinstein Doyle Payne & Kravec, LLC who focuses on litigating class action lawsuits to protect retirement benefits of employees and retirees.

During his more than three decades of law practice, Mr. Payne has served as counsel for retirees or employees in more than one hundred class action lawsuits throughout the United States, many of which challenged cuts in company-provided retiree health care benefits. For example, in 2006, Mr. Payne was appointed as class counsel to represent nearly 600,000 former UAW members (and spouses of members) in actions against General Motors and Ford that were worth billions of dollars, in which the Sixth Circuit Court of Appeals noted: "In view of Payne's background, both classes would have been hard pressed to find someone with greater 'experience in handling class actions ... and claims of the type asserted in the action' or an attorney with more `knowledge of the applicable law." *UAW v. GM*, 497 F.3d 615, 628 (6th Cir. 2007).

Mr. Payne received his law degree from the Berkeley Law at the University of California in 1979, after having graduated *summa cum laude* from the University of Pittsburgh in 1975. After three years of practicing labor law (first in Washington, D.C., and then in San Francisco), Mr. Payne served as Assistant General Counsel of the United Steelworkers in Pittsburgh between 1982 and 1991. For most of those nine years, he had primary responsibility for the Union's ERISA litigation throughout the United States. From 1991 to 2006, Mr. Payne was partner and later Of Counsel to the firm of Schwartz, Steinsapir, Dohrmann & Sommers LLP in Los Angeles and in Pittsburgh.

Mr. Payne actively participates in the American Bar Association's Labor and Employment Law Section, and has long served as chairperson of the Subcommittee for Benefit Claims and Individual Rights within that Section's Benefits Committee. He is also a member of the Lawyers Coordinating Committee for the AFL-CIO, and of the National Employment Lawyers Association, and also served on the Board of the Los Angeles County Bar Association. Mr. Payne is a Charter Fellow of the American College of Employee Benefits Counsel, which admits attorneys who have practiced primarily in the field of employee benefits for at least 20 years, have demonstrated a sustained commitment to the development of public awareness and

understanding of the law of employee benefits, have exhibited exemplary character and ethical behavior, and have been recognized by peers for expertise in the field and for intellectual excellence.

Mr. Payne has also authored numerous papers relating to labor and employment law, such as "Battling for Benefits," *Trial* (December 2005) (with J. Stember and S. Pincus); "Protecting Rights to Early Retirement Benefits," 2 *Employee Rights Quarterly* 58 (2001); "Retiree Health Benefits: Sixth Circuit Deals the Retirees Out," 14 *The Labor Lawyer* 475 (1999) (with S. Sacher); "Lawsuits Challenging Termination or Modification of Retiree Welfare Benefits," 10 *The Labor Lawyer* 91 (1994); "Enjoining Employers Pending Arbitration," 3 *Ind.Rel.L.J.* 169 (1979); "Union Negotiated Lifetime Retiree Health Benefits: Promise Or Illusion," 9 *Marquette Elder's Advisor* 319 (2008) (with Pamina Ewing) and "The Legal Implications of Reducing Public Sector Retiree Health Benefits," 50 *Municipal Lawyer* 15 (September/October 2009) (with Stephen M. Pincus). He has served as both a Contributing Author and Chapter Editor of *Employee Benefits Law* (BNA Books), authored by the ABA Labor Section's Benefits Committee. He frequently lectures on labor and employment law topics at educational conferences.

Mr. Payne is admitted to practice in all state courts in California and Pennsylvania, as well as in numerous federal district and circuit courts, and before the United States Supreme Court. He has been given the highest possible rating (AV) by the Martindale-Hubbell Law Directory.

## PAMINA EWING

Pamina Ewing is a partner with Feinstein Doyle Payne & Kravec, and has been with the firm since 2004. She concentrates on national class actions, primarily in the field of employee benefits. Ms. Ewing represents ERISA plan participants, retirees, union members, and other groups of individuals who challenge unlawful conduct of corporations and other wrongdoers. She has been instrumental in the Firm's success in numerous important class actions. Many of these cases challenged cuts in company-provided retiree health care benefits.

After graduating from Carleton College, Ms. Ewing received her law degree in 1990 from the University of Pittsburgh School of Law. In law school, she served as an Executive Editor of the Law Review, authored a Law Review article, and received an award for best writing by a Third Year student. After law school, Ms. Ewing clerked for two years for the Honorable Gustave Diamond of the United States District Court for the Western District of Pennsylvania. She later worked for six years as an attorney at Reed Smith, where she focused on employment law and general litigation.

Ms. Ewing has worked on numerous ERISA class actions cases including:

> *In re Regions Morgan Keegan ERISA Litigation*, 692 F.Supp.2d 944 (W.D. Tenn. 2010) (denying motion to dismiss breach of fiduciary duty claims concerning offering of company stock and proprietary mutual funds in 401(k) plan).

*Sims v. First Horizon Nat'l Corp.*, 2009 WL 1789090 (W.D. Tenn. June 23, 2009) (denying motion for summary judgment); 2009 WL 3241689 (W.D. Tenn. Sept. 30, 2009) (denying motion to dismiss company stock claims); 2011 WL 2182262 (W.D.Tenn. June 3, 2011) (granting motion for class certification in part).

*Hayden v. Freightcar America, Inc.*, 2008 WL 375762 (W.D. Pa. Feb. 11, 2008) (granting preliminary injunction under Sec. 510 of ERISA), later proceedings, 2008 WL 4949039 (W.D. Pa. Nov. 19, 2008) (granting approval to final settlement).

*Moore v. Rohm & Haas, Co.*, 497 F.Supp.2d 855 (N.D. Ohio 2007) (denying motion to transfer venue in retiree health benefits suit), later proceedings, 2008 WL 4449407 (N.D. Ohio Sept. 30, 2008) (granting plaintiffs' motion for summary judgment).

*Pringle v. Continental Tire North America, Inc.*, 2007 WL 2236880 (N.D. Ohio July 31, 2007) (granting motion for summary judgment in retiree health class action).

*United Auto Workers v. Chrysler LLC*, 2008 WL 1701409 (E.D. Mich. April 10, 2008), later proceedings, 2008 WL 2980046 (E.D. Mich. July 31, 2008) and 2008 WL 4491401 (E.D. Mich. Oct. 2, 2008) (retiree health benefits case worth billions of dollars).

*United Auto Workers v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 70471 (E.D. Mich. July 13, 2006), aff'd, 497 F.3d 615 (6th Cir. 2007), later proceedings, 2007 WL 4571648 (E.D. Mich. Dec. 27, 2007) (retiree health case worth billions of dollars).

*United Auto Workers v. General Motors*, 2006 WL 334283 (E.D. Mich. Feb. 13, 2006), later proceedings, 2006 WL 891151 (E.D. Mich. March 31, 2006) and 235 F.R.D. 383 (E.D. Mich. 2006), aff'd, 497 F.3d 615 (6th Cir. 2007) (retiree health case worth billions of dollars).

Co-authored "Union Negotiated Lifetime Retiree Health Benefits: Promise or Illusion," 9 *Marquette Elder's Advisor* 319 (2008) (with William T. Payne).

Ms. Ewing is admitted to practice in all state courts in Pennsylvania, and in many federal district courts and federal appellate courts throughout the United States.

### JOEL R. HURT

Joel R. Hurt is a partner in Feinstein Doyle Payne & Kravec, LLC. Since graduating law school, he has limited his practice almost exclusively to litigating class actions, including primarily claims for medical, pension and insurance benefits under ERISA, LMRA and state law.

Joel regularly represents retirees and their unions asserting claims for retiree health benefits. Among many matters, he played a significant role in three class actions brought on behalf of retired UAW members, pursuant to which a VEBA trust funded by GM, Ford and Chrysler and worth billions of dollars was established to provide health benefits to retirees for their lifetimes.

See *U.A.W. v. General Motors Corp.*, Case 2:07-cv-14074 (E.D.Mich.); *U.A.W. v. Ford Motor Co.*, Case 2:07-cv-14845 (E.D.Mich.); *U.A.W. v. Chrysler, LLC*, Case 2:07-cv-14310 (E.D.Mich).

Joel has successfully litigated a number of pension class actions under ERISA. He played a major role in obtaining summary judgment in two separate class actions brought on behalf of pension plan participants challenging the calculation of benefits. *See Clemons v. Norton Healthcare, Inc. Retirement Plan*, 981 F.Supp.2d 646 (W.D.Ky. 2013) (granting summary judgment to retirees in suit involving calculation of lump sum distributions); 2016 WL 79995 (W.D.Ky. Jan. 6, 2016) (adopting retirees' damage formula); *Cottillion v. United Refining Co.*, 2013 WL 1419705 (April 8, 2013) (granting summary judgment to retirees and holding that reduction in benefits violated ERISA's anti-cutback rule); 2013 WL 5936368 (W.D.Pa. Nov. 5, 2013) (granting summary judgment to class and ordering declaratory and injunctive relief to all class members and back benefits to class members in pay status); 781 F.3d 47 (3d Cir. March 18, 2015) (affirming summary judgment for participants).

Joel has served as class counsel or played a major role in cases securing multimillion dollar recoveries for participants in 401(k) plans and ESOPs, including *Kling v. Fidelity Management Trust Co.*, Case 01-11939 (D.Mass.) ($10.85 million recovery for breach of fiduciary duty related to investment in employer stock in 401(k) plan); *In re: CMS ERISA Litigation*, Master File 02-72834 (E.D.Mich.) ($28 million settlement of fiduciary breach case involving employer stock in 401(k) plan/ESOP); *In re McKesson HBOC, Inc. ERISA Litigation*, Master File C00-20030 RMW (N.D.Cal.) ($18.2 million settlement of fiduciary breach case involving employer stock in 401(k) plan).

Joel has also represented active employees in claims for medical benefits. For example, he helped litigate *Kennedy, et al. v. United Healthcare of Ohio, Inc.*, Case C2-98-128 (S.D.Ohio), which resulted in a $1.95 million recovery in a class action challenging the calculation of benefits under group medical plans. And, he has litigated insurance class actions under state law, playing a significant role in prosecuting *Pogel v. State Farm Mut. Ins. Co.*, G.D. 97-17582 (C.P. Allegheny), which resulted in a $2.6 million recovery for a class of insureds following a favorable summary judgment ruling as to State Farm's failure to pay replacement cost insurance under homeowners' policies.

Joel is active in the ABA's Labor and Employment Law Section. He serves as Co-Chair of the Benefits Committee's Subcommittee for Benefit Claims and Individual Rights. He also serves as Co-Chair of the Employee Benefits Subcommittee of Employment Rights and Responsibilities Committee.

Joel contributes to several leading treatises on ERISA. He is a contributing author and chapter editor of *Employee Benefits Law* (BNA Books). He is a contributing author to the *ERISA Litigation* legal treatise (Zanglein, Frolik) (BNA Books). Joel's additional publications include *Response to Collectively Bargained Retiree Health and the Demise of Yard Man – Perspectives from Counsel for Retirees*, ABA Section of Labor and Employment Law, Employee Benefits Committee Newsletter, Spring 2015 (with Pamina Ewing, Esq.); *CIGNA Corp. v. Amara: Protecting Employees From Disclosure Violations Under ERISA*, BNA Pension & Benefits

Daily, June 2, 2011 (with Tybe A. Brett, Esq.); *Find The Catch In The Contract: "Actual Charges,"* published in Trial Magazine, October 2009 (with Ellen M. Doyle, Esq.); and *Winning With Grammar*, published in the ATLA Insurance Law Section Newsletter, Winter 2006 (addressing use of expert testimony on grammar to demonstrate unreasonableness of insurer's policy interpretation).

Joel's presentations include *The Fiduciary Rule: What Employers, Employees, Plans and Service Providers Need to Know*, a panel presentation at the ABA Section of Labor and Employment Law, Employment Rights and Responsibilities Committee 2017 Midwinter Meeting (March 2017); *Retiree Health Claims after Tackett*, a panel presentation at the ABA Section of Labor and Employment Law, Employee Benefits Committee 2016 Midwinter Meeting (February 2016); *Recent Supreme Court Rulings on Access to Courts*, a panel presentation at the Pension Rights Center's Enforcement of ERISA Rights and Responsibilities Program (October 2014); *ERISA Litigation Potpourri: Developing Topics*, a panel presentation at the 26th Annual ERISA Litigation Conference (December 2013); *Fiduciary Update: A Little Bit of This, A Little Bit of That*, a panel presentation at the ABA Section of Labor and Employment Law, Employee Benefits Committee 2013 Midwinter Meeting (February 2013); and *Dissecting Cigna v. Amara*, a panel presentation at the Pension Rights Center's annual Pension Training Conference (June 2011). Joel also presents CLE programs annually through the American Inns of Court on such diverse topics as class and collective actions, direct and cross examination, expert witness disclosures, the roles social networking websites can play in litigation, and jury selection.

Joel graduated from Westminster College *magna cum laude* and is a 2000 graduate of the University of Pittsburgh School of Law. He is admitted to practice before the courts of Pennsylvania; the United States District Courts for the Western District of Pennsylvania, the Western District of Tennessee, the Northern District of Illinois, the Eastern District of Michigan, the Eastern District of Wisconsin, and the Northern District of Ohio; and the United States Courts of Appeals for the Third, Sixth, Eighth and Eleventh Circuits. His professional memberships include the American Bar Association, Allegheny County Bar Association, Lawyers Coordinating Committee of the AFL-CIO, and The Honorable Amy Reynolds Hay Chapter of The American Inns of Court (where he serves as President Elect and on the Executive Board).

### RUAIRI MCDONNELL

Ruairi McDonnell is an associate practicing in Feinstein Doyle Payne & Kravec, LLC's class action litigation group since 2014, representing plaintiffs in class actions. Ruairi is admitted to practice law before the courts of Pennsylvania, the United States District Court for the Western District of Pennsylvania, the United States District Court for the Northern District of Ohio, and the Third Circuit Court of Appeals.

Ruairi earned his J.D. from the University of Pittsburgh School of Law in 2013. He served as a Research Editor on the University's Law Review, where he published the Note "The Vice of Prudence: Judicial Abstention and the Case of Al-Aulaqi v. Obama" (Summer 2013).

Ruairi primarily represents retired workers in class actions challenging the reduction or termination of their vested retiree benefits as part of FDPK's employee benefits practice group. His current employee benefits cases include *Reynolds v. Resolute Forest Products*, 1:16-cv-48-TAV-CHS (E.D. Tenn.); *Newman v. Centrus Energy Corp.*, 1:15-cv-449-SSB-KLL (S.D. Oh.); *Cup v. Ampco-Pittsburgh Corporation*, 2:17-cv-189-AJS (W.D. Pa.); *Amos v. PPG Industries, Inc.*, 2:05-cv-70-MHW-TPK (S.D. Oh.); *Zino v. Whirlpool*, 5:11-cv-1676 (N.D. Oh.); and *Comer v. Gerdau Ameristeel*, 8:14-cv-607-SDM-EAJ (M.D. Fl.). Ruairi is also plaintiff's counsel in the FDPK's Fair Credit Reporting Act proposed class action *Piveronas v. Sodexo*, 2:17-cv-446 (W.D. Pa.), and represents individual ERISA plan participants in cases challenging the denial of their benefits in *Michener v. Metropolitan Life Insurance Co.* 2;17-cv-218-NBF (W.D. Pa.) and *Minnitte v. Prudential Insurance Co.*, 2:17-cv-121-DSC (W.D. Pa.).

**ROBERT S. STEIN**

Robert S. Stein (Sam), a lifelong Pittsburgher, is an associate practicing in Feinstein Doyle Payne & Kravec, LLC's class action group since December 2016. Sam is admitted to practice law before the courts of Pennsylvania and the United States District Court for the Western District of Pennsylvania.

Sam works with the firm's labor and employment practice and advocates for victims of employment discrimination and unfair workplace practices. He also dedicates his efforts toward promoting consumer choice as part of the firm's consumer protection class action litigation group.

Sam obtained his law degree from the University of Pittsburgh in 2012, where he pursued numerous scholastic and leadership endeavors. Sam was selected to intern with the United States Department of Commerce in Washington, D.C., where he collaborated with international delegations to organize legal education seminars in the areas of intellectual property and international arbitration. Sam was also a research assistant for Douglas Branson, W. Edward Sell Professor of Business Law, and senior development editor of the Pittsburgh Journal of Environmental and Public Health Law. In recognition of his scholastic achievements, Sam was awarded a scholarship to study international business transactions and alternative dispute resolution at the University of Zagreb in Croatia.

**STEPHEN M. PINCUS**

Stephen M. Pincus is a former partner of Feinstein Doyle Payne & Kravec, LLC who focused his practice on employment, employee benefits, and class action cases. In December 2014, Stephen resigned from the firm to join the National Labor Relations Board in Cleveland, Ohio as a field attorney.

Stephen was graduated with honors from the University of Michigan – Ann Arbor (B.A., 1989). He received his law degree (with honors) in 1993 from the University of Maryland School of Law. Following graduation from law school, Stephen was selected by Yale Law School to be a

16

**www.fdpklaw.com**

Robert M. Cover Fellow in Public Interest Law. As a Cover Fellow, Stephen co-directed a legal clinic at Yale that served the needs of persons with HIV/AIDS. After the two-year fellowship, Stephen served as the first law clerk to the Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut.

Following the clerkship, Stephen worked as an attorney with the law firm of Rosen & Dolan in New Haven, Connecticut, where he represented individuals in employment, civil rights, and personal injury cases. Among his more notable cases was a civil rights case against the State of Connecticut in which the jury awarded a record $1 million for the loss of the life of a person with mental retardation. Stephen also brought numerous cases against municipalities for discriminatory hiring and violations of due process and civil rights laws. See, e.g., Green v. Town of Hamden, 73 F.Supp.2d 192 (D.Conn.1999) (obtained preliminary injunction preventing hiring of firefighters due to disparate impact of civil service examination).

While working at Feinstein Doyle Payne & Kravec from 2003 to 2014, Stephen concentrated his practice in representing individuals in employment law matters and prosecuting class actions challenging cuts to pension and retiree health benefits.